DECISION
The matter presently before this court is the plaintiffs motion for declaratory judgment to determine the applicability of the "being used to carry persons or property for a fee" provision included in Aetna Casualty Surety Company's (hereafter "Aetna") insurance policy. This Court has jurisdiction over this matter pursuant to G.L. 1956 (1985 Reenactment) §9-30-1 and § 9-30-2.
The parties herein have stipulated to the facts from which this insurance dispute arises. On September 1, 1989, a truck owned by Dennis Gray and operated by William Butti and in which Linda Oliveira was a passenger was involved in a collision with another motor vehicle. Gray insured the truck and attached trailer through a personal automobile policy issued by Aetna. At the time of the accident, Gray was paying Oliveira an hourly wage for her services. Oliveira worked as a groomer, exercise rider and general farm worker for Gray at his horse farm. The truck as transporting horses connected with Gray's business at the time of the accident.
Oliveira's General Accident policy contains an exclusion that "any insurance [General Accident] provide[s] with respect to a vehicle you do not own, shall be excess over any other collectable insurance." General Accident commenced this action to prove that Gray's Aetna policy provides primary coverage with respect to this accident.
In determining whether the allegations of a complaint encompass an occurrence covered by an insurance policy, this Court interprets the policy by applying the rules for construction of written instruments. See All-State Ins. Co. v.Russo, 641 A.2d 1304, 1306 (R.I. 1994). This Court must give the language contained in a policy its plain and ordinary meaning.Textron, Inc. v. Aetna Cas. Sur. Co., 638 A.2d 537, 539 (R.I. 1994). When the terms are clear and unambiguous, the task of judicial construction is at an end. This Court must apply the contract terms as written, and the contract terms bind the parties. Id.:
 [T]he proper inquiry is . . . whether the insurance policy contract would be meaningful to the layman who at his peril may be legally bound or held to understand the nature and extent of its coverage. The language of insurance policies is to be interpreted in accordance with the way it would be understood by the average man, rather than in a technical sense.
Bartlett v. Amica Mut. Ins. Co., 593 A.2d 45, 47-48 (R.I. 1991). Before this Court can construe the terms of an insurance policy, this Court must find that an ambiguity exists. Id. In the analysis to determine whether an ambiguity exists, this Court views the insurance policy as a whole and in its entirety. Id.
When this Court finds that an ambiguity exists or that the terms of an insurance contract are subject to more than one reasonable interpretation, the insurance contract will be strictly construed against the insurer. Id. A court should not, however, stretch its imagination to read ambiguity into a policy where none is present. Id.
Given these principles of insurance construction, this Court now examines the policy's provisions. The dispute revolves around the language of the uninsured motorist section of the policy. Aetna's policy language in question states:
 A. We do not provide uninsured/underinsured motorist coverage for bodily injuries sustained by any person:
 3. While occupying your covered auto when it is being used to carry persons or property for a fee.
Aetna contends that Gray was using his vehicle in a commercial activity and therefore the insurance policy excludes any recovery by Oliveira for her injuries. Aetna does not contend that Gray received a direct fee for transporting Oliveira or the horses, but that Gray was both paying Oliveira a salary and increasing the value of the horses at the time of the accident. Therefore, Aetna contends that Oliveira's claim for damages falls under the policy exclusion.
Insurance companies provide different policies depending upon the risks associated with the covered person's activities. This Court must decide whether the policy exclusion contained in the underinsured/uninsured motorist section of the policy applies to all commercial activity.
This Court must apply the provision of the contract in dispute as written in view of the entire contract. The meaning of the phrase, as used in Aetna's insurance policy, cannot be determined in isolation or out of context. Allstate Ins. Co. v.Russo, 641 A.2d at 1307. Rather, the contested terms of an insurance policy must be defined contextually. Id. Aetna's insurance policy contains the language used to carry persons or property for a fee in more than one place in the policy. In Part B, Medical Payments, the policy provides that:
 We do not provide Medical Payments Coverage for any person: . . .
 2. For bodily injury sustained while occupying your covered auto when it is being used to carry person or property for a fee. This exclusion does not apply to a share the expense car pool. . . .
 4. For bodily injury occurring during the course of employment if workers or workmen's compensation benefits are required or available for the bodily injury. . . .
 8. For bodily injury sustained while occupying a vehicle when it is being used in the business or occupation of the covered person. This exclusion does not apply to bodily injury sustained while occupying a private passenger type auto. It also does not apply to bodily injury sustained while occupying a pick-up, sedan delivery or panel truck that you own. . . .
 (emphasis added).
By employing the terminology "course of employment" and "used in the business or occupation" in the contract, the phrase "used to carry person or property for a fee" cannot, as Aetna contends, denote all commercial activity. See Allstate Ins. Co. v. Russo,
641 A.2d at 1306 (the policy must be examined in its entirety, giving the words employed their plain, ordinary, and usual meaning). Aetna has established that there are different exclusions provided for in the policy for different commercial activity. The phrase "used to carry person or property for a fee" applies to one possible commercial use of an insured's vehicle. The exclusion at issue only applies to the purchase of transportation services. If Aetna intended to exclude all commercial activity, or commercial activity related to the course of employment or used in the business or occupation of the insured, such policy language was assessable to Aetna. The policy language is clear and unambiguous and does not exclude the injuries sustained by Oliveira.
For the reasons set forth above, the plaintiff's motion for a declaratory judgment is hereby granted. This Court declares that pursuant to the plain and ordinary meaning of the policy language, Aetna cannot deny coverage for Oliveira's injuries under the contract phrases used to carry person or property for a fee" and therefore, Aetna's policy affords primary coverage to Oliveira for her injuries. This Court need not address the other issues raised in the plaintiff's motion for declaratory judgment.
Counsel shall prepare an appropriate judgment for entry.